UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BOBBY MCNEIL,

                              Plaintiff,

v.                                                          Case No. 24-cv-756-pp

SHAWN TOMS,

                              Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO APPOINT ATTORNEY (DKT. NO. 25)**

---

On June 18, 2025, the court granted defendant Michael Weiland's unopposed motion to dismiss, dismissed defendant Weiland from the case and limited the plaintiff's Fourth Amendment claim of excessive force against Shawn Toms. Dkt. No. 26. Before the court is the plaintiff's request to appoint him an attorney. Dkt. No. 25. The plaintiff did not file a motion to appoint counsel; he sent a letter in which he says he is "still getting in contact with lawyer's [*sic*] to take [his] case." Id. The plaintiff says that he "truly need[s] a lawyer[']s help," that he is confused and that he does not "know what the next step to do [is]." Id. The plaintiff says that he would "truly appreciate if [the court] can allow [him] to have" an attorney. Id. He enclosed a letter dated April 23, 2025 from attorney John H. Bradley, who declined to take the plaintiff's case. Dkt. No. 1-1. Attorney Bradley did not discuss the merit of the plaintiff's claim, saying only that his "firm has decided not to become involved in the pursuit of this claim." Id.

1

This is the plaintiff's second request for an attorney. Dkt. No. 4. In his first request, the plaintiff told the court that the case was too complex for him to litigate on his own because he suffers from several mental and physical issues. Id. In its screening order, the court denied the plaintiff's request, explaining that although the plaintiff had showed that he had sufficiently attempted to recruit counsel on his own, "the court cannot determine whether the plaintiff requires the assistance of counsel to litigate his claims adequately." Dkt. No. 8 at 9–10. The court explained that "there simply are not enough attorneys willing and able to represent all *pro se* litigants who request the assistance of counsel," and said that the court would not attempt to recruit one for the plaintiff's "very straight-forward" claim. Id. at 10.

As the court explained in the screening order, the court has the discretion in a civil case to recruit an attorney for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). In exercising its discretion, the court must consider whether the plaintiff has "'made a reasonable attempt to obtain counsel'" and whether the plaintiff appears competent to litigate his case himself given the difficulty of the case. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). The court again finds that the plaintiff has satisfied the first of these inquiries. He said in his first motion that he had contacted "multiple attorneys or firms," dkt. no. 8 at 9, and the plaintiff attached a recent letter from another attorney who declined to take his case.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019).

The plaintiff still has not satisfied the second inquiry. The plaintiff's letter requesting appointment of counsel does not add anything new about his need for an attorney. He says only that he is that he is confused and does not know what the next steps are. The plaintiff's confusion is understandable because this case has not followed the usual path for lawsuits filed by incarcerated

3

Case 2:24-cv-00756-PP    Filed 07/23/25    Page 3 of 5    Document 27

persons. As the court has recounted, the court dismissed defendant Weiland. The only claim remaining is a claim that defendant Toms "stung" the plaintiff by using his taser directly against the plaintiff's mouth in violation of the plaintiff's rights under the Fourth Amendment. Dkt. No. 26 at 15–17. Usually, defendants in these lawsuits do not move for dismissal of claims so early. But here the defendants moved for dismissal rather than responding to the complaint. Because the court did not dismiss defendant Toms, the court ordered him to file his response to the complaint within sixty days. Id. at 22. That response is due within sixty days of the June 18, 2025 order—by August 18, 2025.

Once defendant Toms has responded to the complaint, the court will issue a scheduling order that will give the plaintiff more information about the next steps. First, he and defense counsel will engage in discovery, which is where they exchange information related to the plaintiff's legal claim. The court will give the parties several months to complete that step. Once the parties have completed discovery, each has the option of filing a motion for summary judgment asserting that there are no genuine issues of material fact and that the court can decide the legal issues without a jury trial. If the case reaches that step, the court will give the plaintiff additional information about how to respond to the defendant's motion and how to provide information opposing the motion.

This case still is at an early stage, even though the plaintiff filed his complaint over one year ago. And as the court explained above, the plaintiff has

4

Case 2:24-cv-00756-PP    Filed 07/23/25    Page 4 of 5    Document 27

not given any additional reasons why he is unable to litigate this case on his own, without the assistance of an attorney. Under these circumstances, the court remains unable to determine whether the plaintiff requires the assistance of counsel to litigate his claims adequately. The court will deny his request for appointment of counsel.

After defendant Toms has filed his response to the plaintiff's complaint, the court will give the plaintiff additional information about the next steps. The plaintiff may request reasonable additional time to meet any deadlines that the court sets. If the plaintiff later believes that he still is unable to litigate this case on his own, and receiving additional time does not help, it may be appropriate for the court to recruit counsel to assist the plaintiff.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request to appoint counsel. Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**