UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY MCNEIL,

                Plaintiff,

v.                                                          Case No. 24-cv-756-pp

SHAWN TOMS,

                Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 31), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 32) AND GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME (DKT. NO. 36)**

In this lawsuit filed under 42 U.S.C. §1983, the court allowed plaintiff Bobby McNeil to proceed against two Milwaukee police officers on a Fourth Amendment claim of excessive force. Dkt. No. 8. On June 18, 2025, the court granted in part and denied in part the defendants' motion to dismiss. Dkt. No. 26. The court allowed the plaintiff to proceed on his claim that Officer Toms used excessive force against him when he "stung" the plaintiff by using his taser against the plaintiff's mouth. Id. at 21. This order addresses the plaintiff's motion to appoint counsel, dkt. no. 31, his motion for an extension of time to complete discovery, dkt. no. 32, and the defendant's motion for an extension of time, dkt. no. 36.

In the plaintiff's motion to appoint counsel (his third such motion), he says that he has made numerous attempts to find a lawyer but has had no success. Dkt. No. 31. The plaintiff also states that the difficulty of the case,

1

factually and legally, exceeds his capacity to coherently present it. Id. He says that he is lost and knows that it would be appropriate for the court to provide him counsel to assist him so that justice can be served. Id. The plaintiff states that his seizures have gotten worse after the excessive use of force, and that he needs help as soon as possible. Id.

As the court explained in the screening order, dkt. no. 8, and in its order denying the plaintiff's second request for counsel, dkt. no. 27, the court has the discretion in a civil case to recruit an attorney for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the court must consider whether the plaintiff has "'made a reasonable attempt to obtain counsel'" and whether the plaintiff appears competent to litigate his case himself given the difficulty of the case. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). The court again finds that the plaintiff has satisfied the first of these inquiries.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds

the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019).

In the court's order denying the plaintiff's second request for counsel, the court explained the procedural posture of the case and said that it would give the plaintiff additional time if he needed it. Dkt. No. 27 at 4-5. The court said that because the case was at an early stage and because the plaintiff had not explained why he could not litigate on his own, it would be premature to recruit a lawyer for him. Id. After defendant Toms filed his answer to the complaint, the court issued a scheduling order setting deadlines for the parties to complete discovery and file motions for summary judgment. Dkt. No. 29. In the plaintiff's current motion to appoint counsel, he does say that he suffers from seizures, but this has not prevented him from litigating the case thus far. The plaintiff has been engaging in discovery, having recently filed with the court discovery requests and responses to discovery requests. Dkt. Nos. 33-34.

3

The plaintiff's excessive force claim is very narrow and the plaintiff is capable of describing his version of the events. If the defendant files a motion for summary judgment, the court will give the parties information about the plaintiff's deadline for responding to the motion as well as how to respond. The court finds that the plaintiff does not need a lawyer at this time and will deny without prejudice his third motion to appoint counsel. If the case survives summary judgment, the plaintiff may renew his request for counsel.

The plaintiff filed a motion for an extension of time to complete discovery pending the court's decision on his motion to appoint counsel. Dkt. No. 32. The defendant filed a motion for extension of the discovery and dispositive motions deadlines to allow time to depose the plaintiff after the defendant receives a signed medical authorization from him.[1] Dkt. No. 36. The current discovery deadline is January 30, 2026. Dkt. No. 29. The court will grant both the plaintiff's and the defendant's motions and set a new deadline below to give the parties more time to complete discovery and file motions for summary judgment on the merits.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 31.

The court **GRANTS** the plaintiff's and the defendant's motions for extension of time. Dkt. Nos. 32, 36. The court **ORDERS** that the parties must

---

[1] The defendant filed his motion under Civil Local Rule 7(h) (E.D. Wis.) Expedited Non-Dispositive Motion Practice. As stated above, the court will grant the defendant's motion. But Civil L.R. 7(h) does not apply in 42 U.S.C. §1983 cases brought by unrepresented incarcerated persons. See Civil L.R. 7(h)(3).

4

complete discovery by the end of the day on **March 13, 2026**; the parties must file motions for summary judgment on the merits by the end of the day on **April 17, 2026**.

Dated in Milwaukee, Wisconsin this 18th day of December, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**