UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY MCNEIL,

                        Plaintiff,

  v.                                           Case No. 24-cv-756-pp

SHAWN TOMS,

                        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (DKT. NO. 39)**

      The defendant has filed a motion to compel discovery under Civil Local Rule 7(h) (E.D. Wis.) Expedited Non-Dispositive Motion Practice.[1] Dkt. No. 39. He requests that the court order the plaintiff to consent to the release of his medical information. Id. at 4. According to the defendant, the plaintiff told the defendant to have the hospital send the medical records to the plaintiff so that the plaintiff could review them and decide which records he wanted to release to the defendant. Id. at 2. The defendant says he told the plaintiff that he was not willing to allow the plaintiff to review the requested medical records before turning them over to the defendant's lawyer, but that the defendant was willing to send to the plaintiff a copy of the "medical records provided by medical institutions to Defendant's counsel." Id. at 2-3. In response to the defendant's

---

[1] The court previously advised the defendant that Civil Local Rule 7(h) *does not apply* in 42 U.S.C. §1983 cases brought by unrepresented incarcerated persons. Dkt. No. 38 at 4 n.1 (citing Civil L.R. 7(h)(3)). Because the substance of the defendant's motion to compel has been briefed, the court will resolve the motion. The defendant must not bring any further motion under Civil L.R. 7(h).

1

motion to compel, the plaintiff states that while he does not mind releasing his medical records, the scope of the medical information the defendant seeks is too broad. Dkt. No. 41.

The defendant has shown that he conferred with the plaintiff before filing his motion to compel, as required by Federal Rule of Civil Procedure 37(a). Dkt. No. 39 at 2-3. Under Fed. R. Civ. P. 26(b)(1), parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]"

"Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue." Hokamp v. Miller, Case No. 21-CV-1125, 2022 WL 17584158, at *2 (E.D. Wis. Dec. 12, 2022) (citing Brown v. Picknell, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019)). The same is true regarding emotional and/or psychological treatment records. Id. (citing Doe v. Oberweis Dairy, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.")).

The plaintiff has placed aspects of his medical and psychological records at issue because he alleges that the defendant using the his taser against the plaintiff cause him extensive physical and psychological harm. Dkt. No. 1 at 4-5. The plaintiff seeks damages based on the defendant's actions and his medical records may be relevant to the damages. The plaintiff does not get to

2

Case 2:24-cv-00756-PP   Filed 01/15/26   Page 2 of 3   Document 42

choose which medical records he wants to send to the defendant. The court will grant the defendant's motion to compel.

In his response, the plaintiff references responses to discovery requests that he received from the defendant. Dkt. No. 41. If the plaintiff believes that the defendant has not adequately or fully responded to his discovery requests, the plaintiff may file a motion to compel discovery. Before filing a motion to compel, the plaintiff must confer with the defendant and try to resolve the issue. If the plaintiff files a motion to compel, he must certify that he conferred with the defendant to obtain the discovery without court action. See Fed. R. Civ. P. 37(a).

The court **GRANTS** the defendant's motion to compel. Dkt. No. 39.

The court **ORDERS** that the plaintiff must sign and return to the defendant the authorizations for release of his medical records by the end of the day on **February 6, 2026**. If the plaintiff does not comply with this order, he may be subject to sanctions up to and including dismissal of the case.

Dated in Milwaukee, Wisconsin this 15th day of January, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**